## BOWER *v.* GRAY.

---

PATENTS; INTERFERENCE; APPEAL AND ERROR; OBJECTIONS AND EXCEPTIONS; DILIGENCE.

1. An objection to the testimony of a witness in interference proceedings, upon the ground that his name was not in the list of witnesses attached to the notice of taking testimony sent to the objecting party, cannot be made for the first time on an appeal to this court from a decision of the Commissioner of Patents, where the objecting party was present at the taking of testimony and then offered no objection.

2. A junior applicant in interference who, before the senior applicant entered the field, had completed his invention, made full disclosure, and forwarded drawings to his solicitors with directions to protect his invention, is not precluded from asserting his rights upon the ground of want of diligence in failing to file his application until two months after the senior application, where, after putting the matter in the hands of solicitors, he, at least on two occasions, wrote them urging expedition, and, according to their testimony, they were diligent. (Citing *O'Connell* v. *Schmidt*, 27 App. D. C. 77, and *Woods* v. *Poor*, 29 App. D. C. 397.)

No. 844.   Patent Appeal.   Submitted May 13, 1913.   Decided May 26, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles E. Brock* for the appellant.

*Mr. A. V. Beeken* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Abram L. Bower from a decision of the Commissioner of Patents in an interference proceeding. The single count of the issue reads as follows:

"In a car truck, the combination of a metallic part connected to the wheels, a metallic part connected to the car, together with an intermediary metallic member and insulation, whereby the three metallic parts are insulated from each other."

The sole question here is whether Gardner B. Gray was diligent at the time Abram L. Bower entered the field by filing his application November 27, 1909, and from thence on to the time of filing his own application, January 25, 1910. As Bower has taken no testimony, he is restricted to his filing date for conception and constructive reduction to practice.

Gray is the chief signal inspector for the Pennsylvania Railroad lines west of Pittsburg, and hence a very busy man. The signal system disclosed in his patent No. 909,083 was placed be-

fore the Block Signal and Train Control Board of the Interstate Commerce Commission for the purpose of obtaining the approval of that board. A member of the board, in the latter part of July, 1909, directed Gray's attention to certain features of that system which the board believed could be improved. Gray immediately proceeded to devise the improvement, and, on August 5, 1909, forwarded to said board a letter accompanied by blue prints showing the invention which forms the issue of this interference. On August 25 following, similar blue prints were forwarded by Mr. Gray to Snow & Company, his patent solicitors. In his letter he said: "By referring to my application on bolster and truck insulation, which you now have pending before the Patent Office in Washington, I have found upon application a very necessary adjunct to this patent in the design of a means of applying this insulation in such a way as to test automatically by the cab circuit itself whenever any part of the insulation should break down. It may be impossible to have this included in the present application. If so, we want it covered by a new application so as to protect the company." The solicitors were also informed of the desire of the applicant to secure as broad and complete a set of claims as possible. In accounting for the delay of his solicitors, Mr. Gray introduced as a witness, Clarence E. Doyle, Esq., of the firm of Snow & Company. The name of Mr. Doyle did not appear in the list of witnesses attached to the notice of the taking of testimony which was sent Bower, and hence it is insisted that his testimony should not be considered. The objection comes too late. Not only was Mr. Bower present at the taking of the testimony of Mr. Doyle, but he entered no objection to the taking of that testimony. Manifestly, had timely objection been made, it would have been possible for Mr. Gray to have obviated the difficulty by giving the requisite notice. According to Mr. Doyle's testimony, the data concerning this invention was submitted to the electrical expert of the office "with instructions to institute a careful comparison with other cases in our office submitted by said Gray and said Thurber, and, owing to the nature of the cases, and the fact that a very careful study of such possibly related applications was necessary in order to

determine what scope the claims of the application for the invention covered by the new data received August 27, 1909, might have without overlapping the subject-matter of other applications, the actual preparation of the application papers in this case occupied a considerable amount of time, and it was therefore not until December 29, 1909, that the preparation was completed and the papers mailed to the applicant." Mr. Doyle further testified that, on at least two occasions, they received communications from Mr. Gray urging them to expedite the completion of the application, and that in consequence they proceeded with the work as diligently as possible. These letters were not produced by Mr. Doyle, nor did Mr. Bower request their production although it appeared to be the practice of Snow & Company to place such letters on file with the date of their receipt stamped thereon. When Snow & Company forwarded the application to Mr. Gray, about the 1st of January, 1910, he was away from home, and, immediately upon his return, the application was executed and filed in the Patent Office.

We fully agree with the Commissioner that, on the facts presented, there was no unreasonable delay on the part of Gray in asserting his rights. When Bower entered the field, the latter part of November, 1909, Gray had already completed his invention and had made full disclosure thereof through the medium of a letter and blue prints, to the Interstate Commerce Commission. He not only had done this, but he had forwarded similar blue prints to his solicitors, and had directed them to proceed to protect his invention by amending the prior application, if possible, and, if not, by filing a new application. Nor did he then dismiss the matter from his mind and trust to the diligence of his solicitors. On at least two occasions, he wrote them urging expedition, and, according to their testimony, they were reasonably diligent. The case is absolutely free from a suspicious circumstance, and, on the whole evidence, it is apparent that Mr. Gray was acting in perfect good faith and with reasonable diligence. *O'Connell* v. *Schmidt,* 27 App. D. C. 77; *Woods* v. *Poor,* 29 App. D. C. 397.

The decision is affirmed. *Affirmed.*